UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANI SALARIAN;<br>FIROOZ SALARIAN,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ANTONY J. BLINKEN, U.S. Secretary of State,<br><br>　　　　　　　　　　　Defendant. | Case No.: 23cv1315-LL-BJC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 4]** |

Before the Court is Defendant Antony J. Blinken's ("Defendant") Motion to Dismiss Plaintiffs Mani Salarian's and Firooz Salarian's (collectively "Plaintiffs") Complaint. ECF No. 4 ("Motion" or "Mot."). Defendant's Motion has been fully briefed, and the Court deems it suitable for submission without oral argument. S.D. Cal. CivLR 7.1(d). For the reasons stated below, the Court **DENIES** Defendant's Motion to Dismiss.

**I.   BACKGROUND**

　　**A.   Plaintiffs' Complaint**

Plaintiff Mani Salarian, a United States citizen, filed an I-130 visa petition with U.S. Citizenship and Immigration Services ("USCIS") on behalf of his father, Plaintiff Firooz Salarian. ECF No. 1 ("Complaint" or "Compl.") ¶ 67. Plaintiff Firooz Salarian is an Iranian national and currently lives in Iran. *Id.* ¶ 68. USCIS approved Plaintiffs' I-130 petition and

forwarded the petition to the National Visa Center ("NVC") for pre-processing. *Id.* ¶ 70. On September 1, 2022, Plaintiffs filed Form DS-260 to the NVC. *Id.* ¶ 2. On May 22, 2023, Plaintiff Firooz Salarian was interviewed by the consular section of the U.S. Embassy in Yerevan. *Id.* ¶ 73. Following the interview, Plaintiff Firooz Salarian completed and submitted Form DS-5535, which requested "15 years of detailed history including addresses, employment, travel, and social media handles." *Id.* ¶ 76. On May 30, 2023, the Embassy confirmed receipt of Form DS-5535. *Id.* ¶ 77. Plaintiff Firooz Salarian's application was then placed in "an indefinite state of additional administrative processing with no timeline for completion." *Id.* ¶ 82. Plaintiffs contacted the U.S. Embassy numerous times following the interview to inquire about the status of Plaintiff Firooz Salarian's application. *Id.* ¶ 81. Plaintiff Firooz Salarian's application, however, remains pending. *Id.* ¶ 82.

As a result of the "unreasonable delay in adjudication," "Plaintiffs have been separated from one another" and are "faced with the prospect of being separated indefinitely." *Id.* ¶ 8. Plaintiffs allege the delay in the adjudication of Plaintiff Firooz Salarian's application has placed a severe emotional and financial strain on the Plaintiffs. *Id.* ¶¶ 88, 93. Both Plaintiffs are concerned about Plaintiff Firooz Salarian's health because he has advanced stage Parkinson's disease. *Id.* ¶¶ 6, 90, 91.

On July 17, 2023, Plaintiffs filed this action seeking declaratory and injunctive relief and a writ of mandamus to compel the State Department to adjudicate Plaintiff Firooz Salarian's visa application. *See generally id.* On September 18, 2023, Defendants moved to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction and/or failure to state a claim. *See* Mot. On October 5, 2023, Plaintiffs filed an Opposition to the Motion. ECF No. 5 ("Opposition" or "Oppo."). On October 16, 2023, Defendant filed its Reply in support of the Motion. ECF No. 6 ("Reply").

On November 11, 2023, Plaintiffs filed an Ex Parte Request for Leave to File Notice of Supplemental Authority. ECF No. 7. Further, on December 17, 2023, Plaintiffs filed a Second Ex Parte Request for Leave to File Notice of Supplemental Authority. ECF No. 8.

On December 19, 2023, Defendant filed an opposition to the previous Ex Parte Requests. ECF No. 9. On January 22, 2024, Plaintiffs filed an Ex Parte Request for Leave to File a Declaration from Carson Wu. ECF No. 10. Defendant filed an opposition to this request on January 23, 2024. ECF No. 11.[1] On April 5, 2024, Plaintiffs filed a Third Ex Parte Request for Leave to File Notice of Supplemental Authority. ECF No. 12. Defendant filed an opposition to this request on April 7, 2024. ECF No. 13. On August 25, 2024, Plaintiff filed a Fourth Ex Parte Request for Leave to File Notice of Supplementary Authority. ECF No. 16. On August 26, 2024, Defendant filed an opposition to this request. ECF No. 17.[2]

### B. Declaration of Matthew McNeil

A declaration provided in support of the Defendant's Motion provides information from the Consular Consolidated Database ("CCD") regarding Plaintiff Mani Salarian's petition on behalf of his father, Plaintiff Firooz Salarian, and information regarding Plaintiff Firooz Salarian's visa application. *See* ECF No. 4-1, Declaration of Matthew McNeil ("McNeil Decl.").

---

[1] Briefing on Defendant's Motion to Dismiss concluded on October 16, 2023, and Plaintiffs filed the Request for Leave to File a Declaration on January 22, 2024. Accordingly, the Court **DENIES** Plaintiffs' Request for Leave to File a Declaration from Carson Wu for untimeliness.

[2] Plaintiffs' First, Second, Third, and Fourth Ex Parte Requests for Leave to File Notice of Supplemental Authority cite to multiple cases decided after Plaintiffs' Opposition to the Motion was filed. *See* ECF Nos. 7, 8, 12, 16. These cases do not represent Ninth Circuit appellate court opinions and therefore, are not binding precedent on this Court. The Court does not find the supplemental authority to be particularly helpful when Plaintiffs have already cited to multiple cases supporting the same position in their Opposition. *See* Oppo. at 21. Accordingly, the Court **DENIES** Plaintiffs' First Ex Parte Request for Leave to File Notice of Supplemental Authority, **DENIES** Plaintiffs' Second Ex Parte Request for Leave to File Notice of Supplemental Authority, **DENIES** Plaintiffs' Third Ex Parte Request for Leave to File Notice of Supplemental Authority, and **DENIES** Plaintiffs' Fourth Ex Parte Request for Leave to File Notice of Supplemental Authority. The Court, however, will consider any identified legal authorities to the extent they are relevant or analogous to this action.

Consistent with Plaintiffs' Complaint, the CCD records indicate that Plaintiff Mani Salarian filed an I-130 petition on behalf of his father, Plaintiff Firooz Salarian. *Id.* ¶ 4. On April 29, 2022, USCIS approved the I-130 petition. *Id.* The NVC received the approved petition, and on May 5, 2022, NVC created a case file, assigned a case number, and on February 28, 2023, transmitted it to the U.S. Embassy in Yerevan, Armenia. *Id.* ¶¶ 5–6. On May 22, 2023, Plaintiff Firooz Salarian appeared for his consular interview and applied for an immigrant visa. *Id.* ¶ 8. Also on May 22, 2023, consular staff sent a request to Plaintiff Firooz Salarian for additional information consistent with Form DS-5535, Supplemental Questions for Visa Applications. *Id.* On May 30, 2023, the U.S. Embassy in Yerevan received Plaintiff Firooz Salarian's completed responses to Form DS-5535. *Id.* ¶ 9. "On August 11, 2023, the consular officer entered a refusal of Firooz Salarian's visa application under INA § 221(g), 8 U.S.C. § 1201(g), into the Department's visa application record." *Id* ¶ 10. The additional security screening for Plaintiff Firooz Salarian's visa application remains ongoing. *Id* ¶ 11.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(1)

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint based on a court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 562 (1992); *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006) (citation omitted).

Rule 12(b)(1) motions can challenge a court's subject matter jurisdiction on either facial or factual grounds. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their

face to invoke federal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). (internal quotation marks and citation omitted). Conversely, a factual attack "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citations omitted); *see also St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (noting that a Rule 12(b)(1) motion challenging a court's subject matter jurisdiction on factual grounds may "rely on affidavits or any other evidence properly before the court").

### B.   Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must plead sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A court may accept all factual allegations as true, but it need not accept legal conclusions as true. *Id.*; *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may grant a Rule 12(b)(6) dismissal when the plaintiff fails to present a cognizable legal theory or allege sufficient facts to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). While a complaint "does not require 'detailed factual allegations,'" to avoid a Rule 12(b)(6) motion to dismiss, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and

construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

### III. DISCUSSION

Defendant has moved to dismiss Plaintiffs' Mandamus and APA claims under Rule 12(b)(1) and Rule 12(b)(6). When a complaint seeks identical relief under the APA and the Mandamus Act, courts routinely elect to only analyze the APA claims. *See Vaz v. Neal*, 33 F.4th 1131, 1135 (9th Cir. 2022) (citation omitted); *Salihi v. Blinken*, No. 23-CV-718-MMA-AHG, 2023 WL 8007348, at *6 (S.D. Cal. Nov. 17, 2023). The Court therefore only addresses Plaintiffs' APA claims.

Defendant argues that Plaintiffs fail to allege sufficient facts to state that Defendant has unreasonably delayed adjudication of Plaintiff Firooz Salarian's visa application under Rule 12(b)(6). *See* Mot. at 12–18.

To determine whether agency delays are unreasonable under the APA, the Ninth Circuit has adopted the *TRAC* factors, or the six-factor balancing test from *Telecommunications Research & Action Center v. FCC*. *See* 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*"); *see also, e.g.*, *Vaz*, 33 F.4th at 1137 (Ninth Circuit applying and assessing *TRAC* factors). The *TRAC* factors are: "(1) the time agencies take to make decisions must be governed by a 'rule of reason[ ]'; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'" *TRAC*, 750 F.2d at 80 (internal quotation marks and citations omitted).

Plaintiffs raise a preliminary argument that it is too early to apply the *TRAC* test, stating that it would be premature to consider whether an agency's delay is unreasonable at the motion to dismiss stage because it is a "fact-specific inquiry." Oppo. at 21. Defendant contends that in consular processing cases some district courts have found that evaluating the reasonableness of delay is appropriate at the motion to dismiss stage. Reply at 4–5.

Although some district courts have analyzed *TRAC* factors at the motion to dismiss stage, in the absence of binding case law, this Court agrees with Plaintiffs and those courts that find the *TRAC* test is more appropriately applied after further briefing and discovery. *See e.g.*, *Gonzalez v. Cuccinelli*, 985 F.3d 357, 375 (4th Cir. 2021) *(*"A claim of unreasonable delay is necessarily fact dependent and thus sits uncomfortably at the motion to dismiss stage and should not typically be resolved at that stage.")*; Salihi*, 2023 WL 80007348, at *7 ("The ultimate determination of whether the *TRAC* factors are satisfied is not capable of resolution on the pleadings and without further evidence and briefing."); *Tailawal v. Alejandro Mayorkas, Sec'y of Homeland Sec.*, No. LACV2201515SPGRAO, 2022 WL 4493725, at *4 (C.D. Cal. Aug. 18, 2022) ("[B]ecause the *TRAC* factor analysis is necessarily fact-intensive, it is more appropriately applied after some discovery than at the pleading stage."); *Hui Dong v. Cuccinelli*, No. CV2010030CBMPLAX, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) ("The *TRAC* test is fact-intensive, and courts have declined to resolve whether the *TRAC* test has been satisfied at the pleading stage, including with respect to immigration applications."); *Moghaddam v. Pomopeo*, 424 F. Supp. 3d 104, 117 (D.D.C. 2020) ("Undergoing such a fact-specific inquiry at this stage would be premature."). *But see, e.g.*, *Armah v. United States Department of State*, No. CV 22-1714 (BAH), 2024 WL 2721634, at *5 (D.D.C. May 28, 2024) ("[W]here the factual allegations are more fulsomely supplied and, as here, specific dates when relevant agency action occurred are undisputed, application of the *TRAC* factors at the motion to dismiss stage is appropriate to determine whether plaintiff has alleged facts sufficient to state a claim for unreasonable delay.") (citing

*Mukkavilli v. Jaddou*, No. 23-5138, 2024 WL 1231346, at *1–2 (D.C. Cir. Mar. 22, 2024); *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 339–46 (D.C. Cir. 2023)); *Assadian v. Oudkirk*, 694 F. Supp. 3d 1310, 1317–18 (S.D. Cal. 2023) (analyzing *TRAC* factors to resolve motion to dismiss).

The *TRAC* test is fact-intensive and the "[r]esolution of a claim of unreasonable delay is ordinarily a complicated and nuanced task requiring consideration of the particular facts and circumstances before the court." *Gonzalez v. United States Dep't of Homeland Sec.*, 500 F. Supp. 3d 1115, 1129–30 (E.D. Cal. 2020) (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003)). An assessment of whether the agency's delay is unreasonable, even in the context of consular processing, "would require the court to look beyond the face of plaintiffs' complaint and, without the benefit of the administrative record, evaluate facts concerning USCIS' general practices, whether those practices were followed in this case, and the number of [] visa petitions filed over the past several years." *Id.* at 1130.

Although Defendant contends that Plaintiffs fail to demonstrate unreasonable delay based on the *TRAC* factors, the determination of whether the *TRAC* factors are satisfied as to Plaintiff's APA claims is not capable of resolution at this stage. *See, e.g.*, *id.*

Defendant also argues that Plaintiffs' APA claims must be dismissed because there are no statutory or regulatory provisions establishing temporal limits for consular processing or for conducting security screenings. *See* Mot. at 12–13.

The APA authorizes a court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A court can "compel agency action under this section only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63–64 (2004)). "The agency action must be pursuant to a legal obligation 'so clearly set forth that it could traditionally have been enforced through a writ of mandamus.'" *Id.* at 1075–76 (quoting *Hells Canyon Pres. Council v.*

*U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)). "Thus, a court may compel agency action under the APA when the agency (1) has 'a clear, certain, and mandatory duty,' *and* (2) has unreasonably delayed in performing such duty." *Vaz*, 33 F.4th at 1136 (emphasis added) (citations omitted).

As previously stated above, the determination of whether an agency's delay is unreasonable is premature at this stage of the proceeding. Therefore, the Court cannot determine at this time whether Plaintiff's APA claims can be dismissed. Accordingly, Defendant's Motion to Dismiss is **DENIED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Defendant must file an answer on or before **September 20, 2024**.

**IT IS SO ORDERED.**

Dated:  August 30, 2024

Honorable Linda Lopez
United States District Judge